IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:13-CV-24-BO

| | | |
|---|---|---|
| LISA HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on January 31, 2014, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Commissioner for further consideration.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff protectively filed for DIB on June 19, 2009, alleging disability since May 2, 2008. After an initial denial, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether

the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date and that she met the insured status requirements through December 31, 2013. Plaintiff's chronic lower back pain due to multilevel degenerative disc disease with two back surgeries and fibromyalgia were considered severe impairments at step two but were not found to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a reduced range of light work. Plaintiff's impairments prevented her from returning to her past relevant work at step four, but the ALJ concluded that jobs

existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his opinion.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). In determining plaintiff's RFC, the ALJ considered the opinions of several of plaintiff's physicians. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. An ALJ must provide specific reasons for the weight given to a treating physician's opinion. *Id.*

Plaintiff's treating physician opined that plaintiff could stand for more no more than fifteen minutes at a time, could sit for thirty minutes at a time, and needs a cane in order to ambulate safely. Tr. 538. The ALJ afforded this opinion limited weight, however, as he found it not to be supported by the physician's own records or the majority of the medical records. After two lumbar surgeries, one in 2008 and one in 2009, failed to relieve plaintiff's low back and leg pain, plaintiff began treatment with pain clinics. These records reveal that plaintiff continued to suffer from chronic low back and leg pain that required management with narcotic pain medication. Though in June 2010 plaintiff reported that her pain was three-out-of-ten, her reported pain continued to increase until in December 2010, just prior to the hearing before the ALJ, plaintiff reported a nine-out-of-ten pain scale rating. Tr. 426 - 432. Throughout this time plaintiff continued to be prescribed narcotic pain medication and to carry a diagnosis from the pain management clinic of failed lumbar back. *See e.g.* Tr. 428.

3

Substantial evidence does not support a finding that plaintiff's pain had fully resolved following her surgeries or that she could perform a full range of daily activities. Substantial evidence does support a finding that her subjective complaints of pain, which are supported by the objective medical evidence, continued to be severe and that as a consequence her ability to sit or stand for extended periods was greatly limited. This evidence further supports the opinion of plaintiff's treating physician, who opined that plaintiff could not stand for more than fifteen minutes or sit for more than thirty minutes, meaning that the opinion should have been given great, even if not controlling weight.

Because the ALJ failed to properly account for the treating physician's opinion in light of the substantial evidence in the record, including the evidence that plaintiff continues to suffer from severe pain and her ability to sit and stand are limited, and remand of this matter is required. On remand the ALJ is to consider the treating physician's opinion in light of this established evidence.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED and defendant's motion for judgment on the pleadings [DE 26] is DENIED. This matter is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __21__ day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE